UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA BALABAN,

    Plaintiff,

v.                                         Case No: 2:23-cv-379-JLB-NPM

BILL PRUMMELL, as Sheriff of
Charlotte County, Florida

    Defendant.
_____/

## ORDER

Plaintiff Patricia Balaban's Second Amended Complaint ("SAC") alleges four counts under 42 U.S.C. § 1983 against her former employer, Bill Prummell, Sheriff of Charlotte County, Florida. (Doc. 26 at 1, 5–8). Defendant has filed a Motion to Dismiss. (Doc. 28). In response, Plaintiff "concede[s] that dismissal is appropriate as to Counts I and IV" and "that punitive damages cannot be had against Defendant," but otherwise opposes Defendant's Motion. (Doc. 31 at 1–7 & n.1).

In light of Plaintiff's concessions, Defendant's Motion to Dismiss is **GRANTED in part**, to the extent that Counts I and IV and the punitive damages requests set forth in all four counts are **DISMISSED**. For the reasons stated herein, Defendant's Motion to Dismiss is otherwise **DENIED**. Plaintiff shall file any Third Amended Complaint, consistent with this Order, within 30 days.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). This standard of plausibility is met when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, factual allegations that are "merely consistent with a defendant's liability" fall short of this standard. *Id.* (internal quotation marks omitted).

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Legal conclusions, however, are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. As such, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

I. **Whether the SAC fails to provide sufficient notice of whether Defendant has been sued in his individual or official capacity**

Defendant contends that the SAC is a "shotgun pleading" because it fails to provide sufficient notice as to whether he is being sued in his official or individual capacity. (Doc. 28 at 1–2, 4–5). As Defendant recounts, Plaintiff's motion to amend her complaint had suggested that Sheriff Prummell was being sued only in his official capacity. (*Id.* at 1, 5; *see* Doc. 19 at 1 ("Plaintiff wishes to amend the complaint to remove [Prummell] as a defendant in his individual capacity only....")). But Defendant points to portions of the SAC to contend that the capacity in which he has been sued remains unclear—*e.g.*, (i) the SAC's description of Defendant as a "natural person" who had been Plaintiff's "supervisor and ultimately responsible for [Plaintiff's] hiring, discipline and termination"; and (ii) the SAC's assertion of punitive damages, which Defendant argues are available in section 1983 cases only against defendants sued in their individual capacity. (Doc. 28 at 4–5, 10 (internal quotation marks omitted)).[1] Plaintiff, in response, asserts that the SAC's first paragraph—which states that Plaintiff "sues defendant, Bill Prummell, *as Sheriff of Charlotte County*"—removes any ambiguity here. (Doc. 31 at 2; Doc. 26 at 1 (emphasis added)).

The Eleventh Circuit has explained that "[t]he main concern of a court in determining whether a plaintiff is suing defendants in their official or individual

---

[1] Defendant further notes that he has not been served in his official capacity. (Doc. 28 at 5 n.2).

3

capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued." *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1047 (11th Cir. 2008). Although "plaintiffs are not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities," plaintiffs must provide defendants with sufficient notice. *Id.*

In light of Plaintiff's concession that Count I and IV and her punitive-damages requests should be dismissed from the SAC (Doc. 31 at 1 n.1), the Court concludes that the best course is for Plaintiff to file a Third Amended Complaint, which (i) removes these two counts and the punitive-damages requests and (ii) explicitly states in what capacity Defendant is being sued. *See Young Apartments*, 529 F.3d at 1047 (stating that "it is 'clearly preferable' that a plaintiff state explicitly in what capacity defendants are being sued") (citation omitted); *see also Pinto v. Collier County*, No. 2:19-cv-551-FtM-60MRM, 2019 WL 5722172, at *2 (M.D. Fla. Nov. 5, 2019) ("Because the Court is granting Plaintiff the opportunity to amend his complaint, any amended complaint should specifically delineate in which capacity Plaintiff is suing each of the defendants in each count."). Although Defendant requests that the SAC be dismissed with prejudice (Doc. 28 at 2, 5), the SAC specified at the outset that Defendant was being sued "as Sheriff of Charlotte County" (Doc. 26 at 1). The Court accordingly concludes that clarification, rather

4

than dismissal with prejudice, is appropriate.² Plaintiff's Third Amended Complaint should explicitly state in what capacity Defendant is being sued and should be appropriately served.

## II.     Whether Counts II and III of the SAC fail to state a claim for relief

Counts II and III of the SAC allege, respectively, that Defendant violated Plaintiff's Equal Protection and First Amendment rights. (Doc. 26 at 6–7). Defendant moves to dismiss both Counts II and III on the ground that they each fail to allege but-for causation. (Doc. 28 at 2, 7–8). Defendant points to Plaintiff's allegation in one paragraph of the SAC—that she was terminated "*because* [Defendant] was embarrassed"—to argue that the SAC fails to allege that Plaintiff was terminated (i) because of her gender (Count II), and (ii) in retaliation for her speech (Count III). (*Id.* at 2, 8 (quoting Doc. 26 at ¶ 23) (emphasis altered)).

In response, Plaintiff refers to additional SAC paragraphs to contend that Counts II and III sufficiently state a claim. (Doc. 31 at 2–6 (citing Doc. 26 at ¶¶ 24, 32, 35)). As to the Equal Protection Claim (Count II), Plaintiff points to paragraphs 24 and 32, which respectively allege:

---

² The Court further notes that although the Magistrate Judge had "encourage[d] plaintiff to revisit her proposed second-amended complaint considering defendant's arguments" in response to her motion to amend (Doc. 21; *see* Doc. 28 at 1–2), this Order is the Court's first substantive decision on a motion to dismiss in this case. (*See* Doc. 27 (denying previous motion to dismiss as moot due to the filing of the SAC)).

> A review of prior incidents of discipline of PRUMMEL's law enforcement personnel under the general orders under which Plaintiff was disciplined, shows that Plaintiff's termination was inconsistent with and significantly departed from the punishments previously imposed for conduct of similar magnitude against males. . . .
>
> The conduct of PRUMMELL deprived Plaintiff of equal protection of the law under the 14th Amendment to the United States Constitution, in that she was treated differently as to the discipline imposed upon her than similarly situated males.

(Doc. 31 at 3–4; Doc. 26 at ¶¶ 24, 32). As to her First Amendment retaliation claim, Plaintiff refers to paragraph 35, which alleges:

> The foregoing acts and practices of PRUMMELL constituted a deprivation of Plaintiff's right to free speech under the First Amendment to the United States Constitution, in that in investigating and ultimately terminating Plaintiff, PRUMMELL was retaliating against Plaintiff for exercising her right to report the misconduct of the Fort Myers Police Department and the reporting of a crime against her, which were in part matters of public concern.

(Doc. 31 at 6; Doc. 26 at ¶ 35).

The Court disagrees with Defendant's reliance on one paragraph of the SAC (*i.e.*, paragraph 23) to contend that the SAC fails to state a claim in Counts II and III. *See, e.g.*, *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1382–83 (11th Cir. 2010) (reading the complaint "as a whole" and rejecting motion to dismiss argument premised on one paragraph in the complaint) (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir.2005) ("[w]e read the complaint as a whole") (internal quotation marks omitted)). Here, Plaintiff has alleged in Count II disparate treatment as compared with similarly situated males. *See, e.g., Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1312 (11th Cir. 2018) ("The Equal Protection Clause of the Fourteenth Amendment prohibits . . . sex

discrimination in public employment."); *Austin v. City of Montgomery*, 353 F. App'x 188, 191 (11th Cir. 2009) ("To properly plead an equal protection claim, a plaintiff must allege that, through state action, similarly situated persons are treated disparately."). Further, Plaintiff has alleged in Count III that she was terminated in retaliation for her speech. *See, e.g., Alves v. Bd. of Regents of the Univ. System of Ga.*, 804 F.3d 1149, 1159 n.4 (11th Cir. 2015) (outlining analysis for "a public employee's claim that her employer's disciplinary action was in retaliation for constitutionally protected speech," including that "the speech played a substantial part in the adverse employment action"). Accordingly, Defendant's Motion to Dismiss is due to be denied.

That said, Plaintiff shall file a Third Amended Complaint based on her concession that Counts I and IV, and her punitive damages requests, should be dismissed. Moreover, because Counts I and IV are dismissed, Plaintiff should revisit whether any of her factual allegations in the SAC's first 26 paragraphs related only to those counts. As a final note, Plaintiff is reminded that a complaint should satisfy the *Twombly/Iqbal* standard—*i.e.*, its allegations should not consist of "barren recitals of the statutory elements, shorn of factual specificity." *Speaker*, 623 F.3d at 1384 (citing *Twombly*, 550 U.S. at 555). Indeed, Plaintiff should ensure that the Third Amended Complaint complies with the governing pleading standards.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 28) is **GRANTED in part and DENIED in part**. The SAC's Counts I and IV, and the punitive damages requests in Counts I, II, III, and IV, are **DISMISSED**. Should Plaintiff choose to proceed forth with this litigation, she shall file a Third Amended Complaint, consistent with this Order, within 30 days.

**ORDERED** at Fort Myers, Florida on June 4, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE